UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS STATE PAINTERS WELFARE FUND, By and Through Its Board of Trustees, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Cause No.<br>) |
| KARL PAINTING, INC., | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW Plaintiff ILLINOIS STATE PAINTERS WELFARE FUND, by undersigned Counsel, and for its Complaint against Defendant KARL PAINTING, INC., states as follows:

### Parties

1. Plaintiff ILLINOIS STATE PAINTERS WELFARE FUND (hereinafter "Plaintiff," or "Welfare Fund") is an employee benefit plan within the meaning of §§ 3(1) and (3), 502 and 515 of ERISA, as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. Plaintiff Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2. The Welfare Fund is administered by its Board of Trustees, and receives and processes employer contributions in St. Louis County, Missouri, within the territorial jurisdiction of this Court.

3. Defendant KARL PAINTING, INC. ("Defendant," or "Karl Painting"), is a Missouri general business corporation, maintaining its principal place of business in Fenton, St. Louis County, Missouri, within the territorial jurisdiction of this Court.

4. Karl Painting is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145; and within the meaning of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. § 152(2), (6) and (7).

## Jurisdiction and Venue

5. This Court has jurisdiction over the Welfare Fund's claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, in that the Welfare Fund's Trustees are fiduciaries who seek to enforce the provisions of the Welfare Fund; and pursuant to § 301 of the LMRA, 29 U.S.C. § 185, in that the Welfare Fund's Trustees are suing to enforce a collective bargaining agreement, or agreements.

6. This Court has personal jurisdiction over Karl Painting pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

7. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## FACTS COMMON TO ALL COUNTS

8. At all times relevant to Plaintiffs' Complaint, Karl Painting is, and/or was, and/or has been signatory to one or more binding collective bargaining agreements ("Agreement(s)") with Painters' District Council #58, affiliated with the International Union of Painters and Allied Trades.

9. Karl Painting is further signatory to one or more Participation Agreement(s) ("Participation Agreement(s)") with the Welfare Fund, pursuant to which Defendant agreed to

acknowledge, recognize and be bound by the terms of the Trust Documents establishing the Welfare Fund.

10.  The Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) require Karl Painting to submit reports of hours worked by its employees working under the terms of the Agreement(s) and to pay monetary contributions to the Welfare Fund at specified hourly rates related to hours worked by its employees within the jurisdiction of the District Council.

11.  Signatory contractors, such as Karl Painting, are required to report and pay fringe benefit contributions to the Welfare Fund by the 15th of each month related to hours worked during the previous month.

12.  If a signatory contractor, such as Karl Painting, does not timely report and pay fringe benefit contributions, in addition to the fringe benefit contribution liability, the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) provide the contractor shall be liable for Liquidated Damages.

13.  In the event of litigation to collect a fringe benefit delinquency, the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and/or ERISA provide the contractor shall be liable for interest.

14.  In the event of litigation to collect a fringe benefit delinquency, the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and/or ERISA provide the contractor shall be liable for the Welfare Fund's attorneys' fees and costs.

## COUNT I

### (AUDITED LIABILITY DUE)

COMES NOW Plaintiff Illinois State Painters Welfare Fund, by undersigned Counsel, and for Count I of its Complaint against Karl Painting, Inc., states as follows:

15. Plaintiff restates and reincorporates paragraphs 1 through 14 of its Complaint as if fully set forth herein.

16. The Agreement(s), Trust Document establishing the Welfare Fund, and ERISA authorize the Trustees of the Welfare Fund to conduct audits of signatory employers.

17. In 2017, Karl Painting was audited for the period of January 1, 2012 to December 31, 2016.

18. The audit resulted in a finding of liability due in the amount of $1,183.65 ("Delinquency").

19. Demand was made upon Karl Painting for payment of the Delinquency.

20. Despite demand, Karl Painting has failed and refused to pay the Delinquency.

21. Pursuant to the Agreement(s), Trust Document establishing the Welfare Fund, and ERISA, as a result of incurring the Delinquency, Karl Painting is further liable for Liquidated Damages and interest.

22. Pursuant to the Agreement(s), Trust Document establishing the Welfare Fund, and ERISA, as a result of incurring the Delinquency, Karl Painting is further liable for costs, including costs of the audit.

23. Pursuant to the Agreement(s), Trust Document establishing the Welfare Fund, and ERISA, as a result of incurring the Delinquency, Karl Painting is further liable for the Welfare Fund's attorneys' fees.

24.     As a result of the acts and omissions complained of herein, the Welfare Fund has been harmed.

WHEREFORE, Plaintiff respectfully prays that the Court:

a.  Enter Judgment for Plaintiff Illinois State Painters Welfare Fund and against Defendant Karl Painting, Inc.;

b.  Enter an Order awarding the Welfare Fund $1,183.65 in delinquent fringe benefit contributions;

c.  Enter an Order awarding the Welfare Fund Liquidated Damages in an amount to be proven at trial;

d.  Enter an Order awarding the Welfare Fund appropriate pre-judgment interest in an amount to be proven at trial;

e.  Enter an Order awarding the Welfare Fund its audit costs;

f.  Enter an Order awarding the Welfare Fund appropriate pre- and post-judgment interest;

g.  Enter an Order awarding the Welfare Fund its attorneys' fees and costs;

h.  Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, No. 51148MO
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(681) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com